# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**D.W. WALTERS ENTERPRISES, INC.,** a
Florida Corporation,

                         **Plaintiff,**

-vs-                                                Case No.  2:04-cv-428-FtM-33DNF

**LODGE CONSTRUCTION, INC.,
INTERNATIONAL FIDELITY
INSURANCE COMPANY,**

                         **Defendants.**
_____/

**D.W. WALTERS ENTERPRISES, INC.,** a
Florida Corporation,

                         **Plaintiff,**

-vs-                                                Case No.  2:04-cv-444-FtM-33DNF

**LODGE CONSTRUCTION, INC.,
INTERNATIONAL FIDELITY
INSURANCE COMPANY,**

                         **Defendants.**
_____/

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO ABSTAIN, OR IN THE ALTERNATIVE, TO REMAND**[1] **(Doc. No. 9)** |
| **FILED:** | **September 20, 2004** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

In Case No. 2:04-cv-444-FtM-33-SPC, the Plaintiff filed a Complaint on August 3, 2004, in the County Court of the Twentieth Judicial Circuit, in and for Lee County, Florida against the Defendants alleging breach of contract, breach of bond, and open account. The Defendant Lodge Construction, Inc. ("Lodge") filed a Notice of Removal to Federal Court (Doc. 1) on September 1, 2004. The Plaintiff D.W. Walters Enterprises, Inc. ("Walters") is requesting that the Court abstain or in the alternative remand this action to State Court. This matter was referred to this Court by Order (Doc. 20 in Case No. 2:04-cv-444-FtM-33SPC) entered by the Honorable Virginia M. Hernandez Covington, United States District Judge on April 7, 2005, for a report and recommendation.

In the Notice of Removal to Federal Court (Doc. 1), Lodge states that the basis of removal is pursuant to 28 U.S.C. §1334 since Walters is a debtor in Bankruptcy Court.[2] Lodge is a creditor in the bankruptcy proceedings. (See, Doc. 55, in case no. 9:03-bk-15990-ALP). A civil action brought in state court may be removed to federal court only if the district court has original jurisdiction over the action. 28 U.S.C. §1441(a); *Aetna Health Inc. v. Davila*, ___U.S.___, 124 S.Ct. 2488, 2494 (2004). Section 1334(b) provides in part that "district courts shall have original but not exclusive

---

[1] This Motion was filed in the 2:04-cv-444-FtM-33-SPC case which was consolidated with the 2:04-cv-428-FtM-33DNF case on March 30, 2005.

[2] The Notice of Removal includes language that the Court may refer this matter to the United States Bankruptcy Court for the Middle District of Florida, but no motion to refer the matter to the Bankruptcy Court was ever made. (See, Doc. 1).

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A Voluntary Petition under Chapter 11 was filed in the United States Bankruptcy Court, in the Middle District of Florida on August 1, 2003, entitled *In re D.W. Walters Enterprises, Inc.*, Case no. 9:03-bk-15990-ALP. (See, Doc. 1, case no. 9:03-bk-15990-ALP). A civil proceeding must be sufficiently related to a bankruptcy proceeding to confer federal jurisdiction on the district court. *In the Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990)

The Court reviewed the bankruptcy proceeding to determine if the issues in the instant case are related to it. The exact same Motion to Abstain, or in the Alternative, to Remand was filed in the Bankruptcy Court on September 16, 2004. (See, Case No. 9:03-bk-15990-ALP, Doc. 314). On October 27, 2004, the Honorable Alexander Paskay, United States Bankruptcy Judge, entered an Order (Case No. 9:03-bk-15990-ALP, Doc. 324) finding that the litigation between the Walters and Lodge in this action "must be heard in the County Court of the Twentieth Judicial Circuit for Lee County, Florida." Judge Paskay remanded the adversary proceeding between the parties (which raised the same claims as in the instant case) to the County Court of the Twentieth Judicial Circuit for Lee County, Florida, and Judge Paskay abstained from determining the issues raised in the litigation. Based upon this remand and upon review of the bankruptcy proceedings and the claims in this case, the Court determines that the bankruptcy proceedings are not related to the issues raised in the instant action, and jurisdiction is not conferred on the district court in this case.

The Court respectfully recommends the following:

1) This matter be remanded to the Twentieth Judicial Circuit in and for Lee County, Florida.

2) The Clerk be directed to forward a certified copy of the Order entered remanding this action to the Clerk of the Twentieth Judicial Circuit Court in and for Lee County, Florida, and be directed to close the file in this matter.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida.

**DATED:**         12th day of April, 2005

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties